ALLGOOD v. STATE.

(*Knoxville.* October 19, 1895.)

MALICIOUS MISCHIEF. *Prisoner's injury of county jail.*

A prisoner confined in a cage attached to a county jail, who makes an aperture in the walls of the cage, even for the purpose of effecting his escape, is guilty, under § 5403, subsec. 1, declaring it a misdemeanor to wantonly injure any building or fixture attached thereto belonging to the State, or any county, city, town, or to another person.

Code construed: § 5403 (M. & V.); § 4652 (T. & S.).

---

FROM MONROE.

---

Appeal in error from Circuit Court of Monroe County. JAMES G. PARKS, Judge.

HUNT & HARRISON for Allgood.

Attorney-general PICKLE for State.

CALDWELL, J. James Allgood was indicted on two counts for wantonly injuring, defacing, and disfiguring the jail house and a cage in and attached to the jail house of Monroe County. The jury trying the case returned a verdict of guilty, and the

trial Judge fined the defendant ten dollars. The case is in this Court on an appeal in the nature of a writ of error.

Briefly stated, the facts in the case are, that James Allgood was confined in a cage, which was attached to and was a fixture in the county jail house of Monroe County, at the time of the offense charged in the indictment; that, while so confined, for another offense, he obtained a large iron hinge from prisoners confined in an adjoining cage, and with it "pounded and beat upon one of the outer walls of his cage until he made a hole or aperture about one and one-half inches wide and about four inches long in said wall of said cage," and that he did this within one year before the finding of the indictment in this case.

These facts make out the offense for which the defendant was indicted, and of which he was convicted. The fact that he was a prisoner and confined in one of the cages of the jail, can make no difference. The statute is no respecter of persons, but applies to all alike. Its language is as follows: "It is declared to be a misdemeanor (1) to wantonly injure, deface, or disfigure any building or fixture attached thereto, or the inclosure thereof, belonging to the State, or any county, city, town, or to another person." Code (M. & V.), § 5403, Subsec. 1.

This declaration is very general and comprehensive. It includes all and excludes none who may

do the things condemned. The offense is the same whether those things, or any of them, be done by one person or another, and whether done from within or without the building, fixture, or inclosure.

The trial Judge properly instructed the jury, as follows: "If you find, from the proof, that . . . the defendant wantonly defaced, injured, or, disfigured the jail of this county, or the cage therein, he would be guilty of a misdemeanor."

The facts hereinbefore narrated demonstrate that the defendant acted wantonly; that his conduct was unrestrained, reckless, regardless of the county's right to have and keep its jail house, and the particular cage therein, in good condition and repair. What he did was wrongful and in utter disregard of the owner's rights in the property injured, and that is equally true, whether his purpose was to escape from prison or only to impair the jail house and cage.

Affirm the judgment.